UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEKSANDR A. ZAGARODNYY,

                Petitioner,                Case No. 1:14-cv-722

v.                                                 Honorable Paul L. Maloney

MARY BERGHUIS,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Aleksandr A. Zagorodnyy presently is incarcerated at the West Shoreline Correctional Facility. Petitioner pleaded nolo contendere in the Kent County Circuit Court to third-offense operating while intoxicated (OWI), MICH. COMP. LAWS § 257.625(6)(d), and he pleaded guilty to being a third felony offender, MICH. COMP. LAWS § 769.11. On June 21, 2012, he was sentenced to a prison term of 2 years and 10 months to 10 years.

Petitioner had five prior OWI convictions, three of which were felony convictions, and Petitioner previously served two prison terms for felony OWI convictions. The offense in issue was charged as his sixth OWI and his fourth felony OWI offense.

According to the petition and brief, on the day of trial Petitioner was presented with the opportunity to either (1) plead to an OWI offense with a habitual third-felony-offender supplement and no recommendation to depart upward, or (2) go to trial on the OWI with a fourth-felony-offender supplement and no promises concerning recommendations to depart upward. The trial court participated in discussions of the plea offer. The court informed Petitioner that, under the worst-case scenario, a plea would result in a 10-year maximum sentence with a minimum sentence under the guidelines of not more than 34 months. In contrast, the court pointed out, proceeding to trial exposed Petitioner to a potential maximum of 50 to 60 years (or as much as life), given Petitioner's repeated commission of the same offense. The minimum sentence under the guidelines could be as much as 46 months, and the court could exceed the guidelines range. Because of the court's emphasis on the possibility that it might exceed the guidelines by such an extent, Petitioner decided to plead nolo contendere.

Petitioner filed a motion to withdraw his plea on November 26, 2012, contending that his plea was involuntary due to the coercive actions of the judge in highlighting the maximum terms he could face if he rejected the plea agreement. The trial court denied the motion to withdraw the plea on January 2, 2013. Petitioner appealed to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same ground for relief presented in his motion to withdraw the plea. The state appellate courts denied leave to appeal on February 26, 2013 and June 25, 2013, respectively. In his habeas application, Petitioner raises the single issue presented to the state courts.

## Discussion

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly

established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Petitioner's claim does not challenge the power of the state to bring him into court. Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there is evidence of factual guilt. While courts may consider whether a factual basis for a guilty plea exists in their assessments of its validity, it has generally been held that the Constitution does not require

that they ensure such a basis exists. *See Alford*, 400 U.S. at 31 ("Strong evidence of guilt may suffice to sustain a conviction on an *Alford* plea, and may be essential under FED. R. CRIM. P. 11, but it is not necessary to comply with the Constitution."); *see also Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983); *Thundershield v. Solem*, 565 F.2d 1018 (8th Cir. 1977); *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir. 1975); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971).

Furthermore, in order to find a constitutionally valid guilty plea, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756;

*McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel).

Petitioner argues that he is entitled to habeas relief because he was coerced by the trial court into pleading nolo contendere. According to Petitioner, the trial court participated in the plea proceeding, emphasizing the potential severity of the sentence he could face if convicted at trial. Petitioner argues that the court's discussion was inherently coercive, rendering involuntary Petitioner's waiver of his Sixth and Fourteenth Amendment rights to a trial by jury.[1]

In his brief to the Michigan Court of Appeals, which Petitioner attaches to his habeas petition, Petitioner cites only one federal constitutional decision, *Brady*, 397 U.S. 742. Petitioner relies exclusively on the following dicta:

> In Brady's case there is no claim that the prosecutor threatened prosecution on a charge not justified by the evidence or that *the trial judge threatened Brady with a harsher sentence if convicted after trial in order to induce him to plead guilty.*

*Id.* at 751 n.8 (emphasis added by Petitioner), *quoted in People v. Killebrew*, 330 N.W.2d 834, 840 (Mich. 1982). The remainder of Petitioner's argument rests on Michigan state-court decisions interpreting the United States Constitution as it applies to judicial participation in plea proceedings. *See People v. Cobbs*, 505 N.W.2d 208, 211 (Mich. 1993) (reaffirming *Killebrew*, 330 N.W.2d at

---

[1] The Court notes that Petitioner does not contend that the trial court misrepresented the potential sentencing risks if Petitioner proceeded to trial and was found guilty with the more serious sentencing enhancement. He merely argues that the court's participation and elaboration of those risks was coercive.

841, in holding that, during plea negotiations, "the judge may not initiate or participate in discussions regarding the sentence that is to be imposed").

Regardless of what the Michigan courts have held concerning the constitutionality of judicial participation in plea proceedings, in determining whether to grant habeas relief, this Court may only consider the clearly established holdings of the United States Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412. The United States Supreme Court has expressly held that, while Rule 11 of the Federal Rules of Criminal Procedure prohibits judicial involvement in plea negotiations, the rule is "prophylactic" and not "compelled by the Due Process Clause or any other constitutional requirement." *United States v. Davila*, 133 S. Ct. 2139, 2149 (2013). As a consequence, Petitioner fails to demonstrate that judicial participation created constitutional error. The state courts' determinations therefore were patently reasonable applications of clearly established Supreme Court precedent.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:    July 21, 2014               /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    Chief United States District Judge